## United States District Court
## District of Massachusetts

```
─────────────────────────────
                              )
DIANE M. REYNOLDS,            )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    13-10788-NMG
UNITED STATES INTERNAL REVENUE )
SERVICE,                      )
                              )
        Defendant.            )
─────────────────────────────)
```

### MEMORANDUM & ORDER

**GORTON, J.**

As part of an adversary proceeding brought in connection with her bankruptcy, pro se plaintiff Diane Reynolds ("Reynolds" or "plaintiff") sought to discharge her federal tax liability for the years 2000, 2001, 2002 and 2003.  The United States Internal Revenue Service ("IRS" or "defendant") opposed that effort, maintaining that Reynolds is a tax protester who willfully evaded the subject tax liabilities and, therefore, cannot qualify for discharge.  The IRS moved for summary judgment but the Bankruptcy Court denied that motion, reasoning that a factfinder could plausibly find that plaintiff lacked the requisite mental state.

Pending before this Court is the IRS's motion for leave to file an interlocutory appeal and its associated appeal of the Bankruptcy Court's denial of its motion for summary judgment.

-1-

For the foregoing reasons, the Court will allow the IRS' motion
for leave to appeal and reverse the Bankruptcy Court's denial of
summary judgment.

III. <u>**Factual Background and Procedural History**</u>

In February, 2008, Reynolds filed a Chapter 13 petition in
bankruptcy in Massachusetts.  In November, 2012, she began an
adversary proceeding seeking to discharge her tax liability for
the income tax years 2000, 2001, 2002 and 2003.  The IRS opposed
Reynolds' discharge petition, contending that she may not
discharge her tax liability for 2000 or 2001 because she did not
file valid income tax returns and that she may not discharge her
tax liability for the same years or for 2003 because she
willfully attempted to evade such taxes.  Plaintiff also sought
to discharge her tax liability from 2002 but the IRS noted that
plaintiff owes no taxes for that year.

In January, 2013, Reynolds moved for summary judgment,
after which the IRS filed an opposition and cross-motion for
summary judgment.  After a hearing, Chief Bankruptcy Judge Frank
J. Bailey denied both parties' motions for summary judgment.
The Bankruptcy Court reasoned that although the IRS had
presented "abundant evidence of the necessary intent," it was
insufficient at summary judgment where specific intent is
"notoriously difficult to decide."  In April, 2013, the IRS

filed a motion for leave to file an interlocutory appeal of the Bankruptcy Court's denial of its motion for summary judgment.

IV. **Legal Analysis**

    **A. Motion for Leave to Appeal**

    In bankruptcy proceedings, appellants must have leave of court to file an interlocutory appeal. 18 U.S.C. § 158(a)(3). In evaluating whether to allow an interlocutory appeal, district courts generally employ the standard outlined in 28 U.S.C. § 1292(b) which applies to the certification of appeals from United States District Courts to the United States Courts of Appeals. See In re Clark-Franklin-Kingston Press, Inc., Nos. 90-11231-MLW, 90-11232-MLW, 1993 WL 160580, at *2 (D. Mass. Apr. 21, 1993).

    Accordingly, district courts consider whether (1) the Bankruptcy Court's order involved a controlling question of law, (2) there exists "substantial ground" for a difference of opinion and (3) deciding the appeal would materially advance the termination of the litigation. See In re Envtl. Careers Org., Inc., No. 12-10928-GAO, 2013 WL 936501, at *1 (D. Mass. Mar. 11, 2013) (citing 28 U.S.C. § 1292(b)).

    Defendant urges this Court to jettison the standard outlined in § 1292(b) because § 158(a)(3) states simply that interlocutory appeals are proper "with leave of the court." According to defendant's argument, adopted by a scattering of

-3-

federal courts, a district court has unlimited discretion to hear interlocutory appeals from bankruptcy courts which operate under the plenary authority of district courts. <u>See</u> <u>In re Williams</u>, 215 B.R. 289, 298 n.6 (D.R.I. 1997).  The widespread reference in the bankruptcy context to § 1292(b) is, therefore, "jurisprudential and not jurisdictional." <u>Id.</u>

The Court declines to join this debate and, as it has done previously, looks to the factors outlined in § 1292(b). <u>See</u> <u>In re Smith Valve Corp.</u>, No. 92-40205-NMG, 1993 WL 41606 (D. Mass. Feb. 12, 1993); <u>see also</u> <u>In re Envtl. Careers Org., Inc.</u>, 2013 WL 936501; <u>Schwartz</u> v. <u>Deutsche Bank. Nat'l Trust</u>, No. 09-40064-RGS, 2009 WL 3347215 (D. Mass. Oct. 15, 2009); <u>In re Clark-Franklin-Kingston Press, Inc.</u>, 1993 WL 160580.  Of course, 18 U.S.C. § 158(a)(3) and 28 U.S.C. § 1292(b) are not identical and, accordingly, the discretion granted under the former is likely greater than that allowed under the latter. <u>See</u> <u>In re Salem Suede, Inc.</u>, 221 B.R. 586, 596 (D. Mass. 1998).  The three-part test of § 1292(b) provides sound, if limited, guidance for the Court's discretion.

First, plaintiff's level of intent is a controlling issue of law in this case.  An issue is "controlling" if it is dispositive. <u>See</u> <u>Lawson</u> v. <u>FMR LLC</u>, 670 F.3d 61, 65 (1st Cir. 2012).  Here, reversing the Bankruptcy Court's ruling with respect to intent would terminate the litigation and result in

-4-

summary judgment for defendant.  Second, deciding the instant appeal will materially advance the ultimate end of this litigation because, as with the previous factor, plaintiff's level of intent is dispositive. See In re Bank of New England Corp., 218 B.R. 643, 654 (1st Cir. BAP 1998).

The Court departs from one aspect of the § 1292(b) test, declining to allow the absence of an unsettled question of law to prolong the subject proceeding.  Other district courts confronting similar scenarios have noted that strict application of § 1292(b) would lead to an "absurd result" where bankruptcy decisions that are "clearly reversible" would not be appealable. See, e.g., In re Marvel Entm't Grp., Inc., 209 B.R. 832, 837 (D. Del. 1997).  Because the § 1292(b) factors are applied by analogy to the present circumstances, a rigid application of the standard is unwarranted.

Accordingly, the Court concludes that the subject case is one in which an interlocutory appeal comports fully with sound judicial administration and the interests of justice.

**B.   The Bankruptcy Court's Denial of Summary Judgment**

Plaintiff seeks to discharge her tax liability for the years 2000, 2001, 2002 and 2003.[1]  The IRS responds that Reynolds cannot discharge her tax liability from 2000 or 2001 because she

---

[1] Plaintiff had no tax liability in 2002 and, therefore, the Court will not address her effort to discharge a non-existent liability.

did not file valid income tax returns, 11 U.S.C.
§ 423(a)(1)(B)(i), and that she also cannot discharge her tax
liability for those years or for 2003 because she willfully
attempted to evade such taxes. 11 U.S.C. § 523(a)(1)(C).
Because the Court finds the latter issue dispositive, it need
not address the former.

### 1.  Summary Judgment

When reviewing the decision of a bankruptcy court with
respect to summary judgment, a district court engages in de novo
review of all the issues. Hermosilla v. Hermosilla, 447 B.R.
661, 666 (D. Mass. 2011).

To prevail at summary judgment, the moving party must show
"that there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(c).  If the moving party meets its initial
burden, the burden shifts to the nonmoving party "to demonstrate
that a trier of fact reasonably could find in his favor."
DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).  The
nonmoving party "must set forth specific facts showing that
there is a genuine issue" of material fact and may not rest on
"mere allegations or denials." Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 256 (1986).  Although intent is difficult to
establish at summary judgment, it can be appropriate to do so if
the nonmoving party responds only with "conclusory allegations,

-6-

improbable inferences, and unsupported speculation." <u>Smith</u> v.

<u>Stratus Computer, Inc.</u>, 40 F.3d 11, 12 (1st Cir. 1994).

At this stage, the Court views the entire record in the
light most favorable to the non-moving party and makes all
reasonable inferences in that party's favor. <u>O'Connor</u> v.

<u>Steeves</u>, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is
appropriate if, after viewing the record in the non-moving
party's favor, the Court determines that no genuine issue of
material fact exists and that the moving party is entitled to
judgment as a matter of law.

### 2. Application

In bankruptcy proceedings, a debtor may, subject to certain
restrictions, discharge outstanding tax liability. <u>See</u> 11 U.S.C.
§ 523.  Federal law excepts from discharge income taxes

> "with respect to which the debtor made a fraudulent
> return or willfully attempted in any manner to evade
> or defeat such tax."

<u>Id.</u> § 523(a)(1)(C).  To prove willful action, the IRS must prove
that the petitioner

> (1) had a duty to file income tax returns and pay
> taxes; (2) knew he had such a duty; and (3)
> voluntarily and intentionally violated that duty.

<u>In re Rossman</u>, 2012 WL 6043279, at *15 (Bankr. D. Mass. Dec. 15,
2012).

The Bankruptcy Court interpreted this requirement to
"involve elements of specific intent" which is "notoriously

difficult to decide on summary judgment," concluding that the evidence does not prove that plaintiff had such intent.  The IRS responded that the appropriate standard requires only a "willful" mental state of which the evidence at summary judgment warranted a finding.  That semantic debate can be avoided, however, because regardless of the label used to describe the required mental state, it is met in this case.

The Court need not describe the evidence in detail here because it agrees with the Bankruptcy Court's description that there is "abundant evidence of the necessary intent" in this case.  Although "abundant evidence" does not translate directly to the applicable standard at summary judgment, it easily meets the burden of the IRS, as the moving party, to identify items in the record that demonstrate "the absence of a genuine issue of material fact."  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In response, plaintiff simply repeats the Bankruptcy Court's apparent finding that she had raised a genuine issue of material fact.  She filed no relevant supporting affidavits, resting instead on a series of improbable and conclusory allegations. See Stratus Computer, 40 F.3d at 12.  The closest plaintiff comes to responding to the issues raised in the IRS's motion for summary judgment is to assert that the motion contains no evidence "from a firsthand knowledge [sic] competent

-8-

fact witness." Most of plaintiff's 47-page opposition (which is over-long by more than double and was filed without leave of court) focuses on frivolous or ancillary details such as the Bankruptcy Court's lack of jurisdiction, the failure of the IRS to disclose certain records and unsubstantiated allegations of possible criminal conduct.

While a court reviewing a motion for summary judgment must adopt reasonable inferences in favor the non-moving party, it must also keep in mind the respective burdens of proof. The IRS has offered unrefuted evidence to prove, by a preponderance of the evidence, that Reynolds "willfully" attempted to evade her tax liability for the years 2000, 2001 and 2003. See 11 U.S.C. § 523(a)(1)(C). In a world where nothing is certain but death and taxes, this conclusion is unremarkable. See In re Meyers, 196 F.3d 622, 627 (6th Cir. 1998) ("No reasonable juror in America ... could have concluded that [defendant] honestly believed that the tax code applied only to individuals who volunteered to pay."). Reynolds is not the "honest but financially unfortunate debtor" that Congress intended to protect when it established the intent requirement in § 523(a)(1)(C). See In re Griffith, 206 F.3d 1389, 1395 (11th Cir. 2000) (citation omitted).

Accordingly, the Court concludes that the IRS is entitled to judgment as a matter of law and will reverse the Bankruptcy Court's denial of the IRS's motion for summary judgment.

-9-

**ORDER**

For the foregoing reasons, the motion of the Internal Revenue Service for leave to appeal (Docket No. 5) is **ALLOWED**, the Bankruptcy Court's denial of its motion for summary judgment is **REVERSED** and plaintiff's discharge petition for the years 2000, 2001 and 2003 is **DENIED**.


**So ordered.**

/s/ Nathaniel M.  Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated January 15, 2013